**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

TRANSFORMER DISPOSAL SPECIALISTS, )
INC.,                             )
                                  )
                     Plaintiff,   )      **CIVIL ACTION**
                                  )
v.                                )      No.  15-1056-MLB
                                  )
TRINITY TECHNOLOGIES, INC., et al.,)
                                  )
                     Defendants.  )
_____)

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiff's motion to dismiss defendant Trinity Technologies' counterclaim. (Doc. 13). The motion has been fully briefed and is ripe for decision. (Docs. 14, 15, 19). Plaintiff's motion is denied for the reasons set forth herein.

**I.  Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the

end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

## II. Analysis

Plaintiff and defendant entered into a licensing agreement under which defendant was to provide technical information to plaintiff in exchange for a fee of $1,125,000. (Doc. 1, exh. 1). The licensing agreement provided that defendant would not license the technical information to any other entity without plaintiff's permission. Plaintiff filed a complaint against defendant alleging that defendant breached the licensing agreement because it provided the technical information to plaintiff's competitors. Defendant filed a counterclaim alleging that plaintiff breached the licensing agreement by failing to pay for consulting services as required by the licensing agreement. (Doc. 12). The provision pertaining to consulting services is as follows:

> 3.4 TRINITY will provide one technician of its choosing to TDS for up to two weeks of on-site training and/or consultation after conducting the NaX Process Demonstration as part of this Agreement and at no charge to TDS. TRINITY will further provide, at its discretion, reasonable access to its personnel for up to two months from the date of Process Demonstration by phone and facsimile for consultation at no additional charge. After the two month period, for additional consultation at TDS' site, TDS will pay TRINITY $2,000 per day to cover travel, lodging, and other associated expenses for this support. Personnel, as designated by TRINITY, will be available to travel to TDS's site during regular business days for consultation with at least one (1) week's written notice from TDS. For telephone consultation by TRINITY on behalf of TDS, and research conducted by TRINITY on behalf of TDS by TRINITY, TDS will pay $200.00 per hour, with a minimum of ¼ hour billed for each consultation or support activity. Then, beginning on the second anniversary of the date of signing this Agreement and annually thereafter, TRINITY may add a percentage

>    equaling up to the Consumer Price Index (CPI), as determined by US Department of Labor, Bureau of Labor Statistics for the prior 12 months, plus 2% to the hourly or daily support rate to cover cost of living increases. TRINITY will provide a summary of these activities with all such billings to TDS on a weekly basis as incurred.

(Doc. 1, exh. 1).

Plaintiff moves for dismissal on the basis that defendant's counterclaim does not comply with the pleading requirements set forth in Twombly. To state a claim for breach of contract, defendant must allege facts supporting the following elements under Kansas law: (1) the existence of a contract between the parties; (2) consideration; (3) defendant's performance or willingness to perform in compliance with the contract; (4) plaintiff's breach of the contract; and (5) defendant suffered damage caused by the breach.[1] Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc., 265 F. Supp.2d 1179, 1187 (D. Kan. 2003).

Defendant alleges that plaintiff has failed to pay for consulting and training of operators which allegedly occurred on five separate dates. Defendant alleges that the total due for those services is $11,257.65. Defendant sent plaintiff a notice to cure default for failure to pay. Plaintiff did not cure the default and defendant terminated the licensing agreement and demanded return of the technical information.

Plaintiff contends that the allegations are insufficient to state a claim because the counterclaim does not specify the services provided by defendant, fails to allege if plaintiff was billed for the

---

[1] Plaintiff's motion does not contend that defendant has not established the first two elements. The court finds that the allegations in plaintiff's complaint and the answers set forth in defendant's answer and counterclaim establish the first two elements.

services and fails to state whether the billings complied with the licensing agreement. (Doc. 14 at 2-3). These alleged deficiencies are not defects of the counterclaim mandating dismissal under Twombly. The standard set forth in Twombly does not change other principles governing motions to dismiss, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven. Robbins, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 555). Twombly merely seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'" Id.

Defendant has set forth plausible allegations which state a claim for breach of contract. Defendant has alleged that it provided services under the licensing agreement which were not paid. Defendant set forth the dates and the amounts billed for the services. The facts alleged comply with the standard set forth in Twombly.[2]

### III. Conclusion

Plaintiff's motion to dismiss defendant's counterclaim is denied. (Doc. 13).

---

[2] Twombly has been on the books for 8 years. The most recent case cited by Trinity is a 1995 5th Circuit case. If Trinity's counsel is going to practice in this court, he is advised to become knowledgeable of recent, pertinent cases from the Supreme Court and the Tenth Circuit. Cases outside the Tenth Circuit are of limited value, particularly when there are many recent Tenth Circuit cases on the point in question. If counsel cannot do this for some reason, he should advise his client to seek different counsel who can effectively litigate in federal court.

IT IS SO ORDERED.

Dated this   25th   day of June 2015, at Wichita, Kansas.

                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE